UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE M. BIENEMAN and
GRETCHEN L. BIENEMAN,

Plaintiffs,

v.

Case No. 15-14422

Hon. John Corbett O'Meara

PNC MORTGAGE, a division of
PNC BANK, NATIONAL ASSOCIATION,

Defendant.
_______________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Before the court are Plaintiffs' motion for leave to file an amended complaint, filed July 12, 2016, and Defendant's motion for summary judgment, filed August 12, 2016. On August 29, 2016, Plaintiffs filed a concurrence in Defendant's motion, agreeing that Defendant's motion should be granted in its entirety. Therefore, the only remaining issue before the court is whether Plaintiffs should be permitted to file an amended complaint.

## BACKGROUND FACTS

This case involves the foreclosure of Plaintiffs' property on Shorewood in Frankfort, Michigan. In 2001, Plaintiffs obtained a loan in the amount of

$1,175,000, and granted a mortgage interest in the Frankfort property to National City Mortgage Services Company. The mortgage and note were subsequently assigned to Defendant PNC Bank.

Plaintiffs made their monthly mortgage payments until October 2012, when they defaulted upon their loan obligation. Plaintiffs did not make any payments after October 2012. PNC sent Plaintiffs a notice of default in December 2012. In 2013, Plaintiffs submitted an application for a loan modification. On July 23, 2013, PNC requested additional documentation from Plaintiffs regarding the application. Although Plaintiffs submitted some additional documentation, PNC did not believe the application to be complete and was "unable to approve or finalize your request for hardship assistance" as of August 14, 2013. Def.'s Ex. L.

Plaintiffs sent a letter to PNC on February 25, 2014, requesting that it reconsider a loan modification. It is not clear how PNC responded, other than it continued to send Plaintiffs notices of delinquency that outlined the foreclosure prevention options available. See Pl.'s Ex. F (Exhibits attached to proposed amended complaint). None of these communications stated that Plaintiffs would be approved for a loan modification. Plaintiffs did not submit any additional applications for a loan modification in 2014.

PNC foreclosed on the Frankfort property in 2015, following the procedure

for a foreclosure by advertisement. A sheriff's sale was held on May 20, 2015, at which PNC purchased the property for $1,248,612.94. The statutory redemption period expired on November 20, 2015; Plaintiffs did not redeem the property.

Plaintiffs filed this action on November 12, 2015, alleging a single count of wrongful foreclosure. Plaintiffs' claim was based on allegations that PNC did not review two loan modification applications allegedly submitted by Plaintiffs in 2014, in violation of federal regulations (12 C.F.R. § 1024.41). Plaintiff sought an order setting aside the foreclosure sale and damages.

As pointed out in Defendant's motion for summary judgment, the regulation upon which Plaintiffs based their claim did not go into effect until January 10, 2014, after Plaintiffs submitted their loan modification application. The regulation does not apply to Plaintiffs claim, because they did not submit an application after the effective date. See Campbell v. Nationstar Mortg., 611 Fed. Appx. 288, 297-98 (6th Cir. 2015). Recognizing this flaw, Plaintiffs have agreed to the dismissal of their wrongful foreclosure claim.

In its place, Plaintiffs seek to amend their complaint to assert claims of negligence, fraudulent misrepresentation, innocent misrepresentation, and negligent misrepresentation under Michigan law. Plaintiffs' claims of negligence and fraud are based upon letters they received from PNC in 2012 and 2013,

encouraging them to apply for "foreclosure prevention options that may be available." Pls.' Ex. F. According to the amended complaint, Plaintiffs submitted a loan modification application and were "assured" by PNC that it would be reviewed in May or June, 2013. Id. at ¶ 12. Plaintiffs contend that "no answer was ever given to them as to whether or not their modification application was accepted." Id. at ¶ 17. Plaintiffs later discovered that they were ineligible for a loan modification. Plaintiffs state that, had they known that they had "no chance" of approval, they would have accepted a verbal offer to purchase their property for $1,500,000, which they received in November 2014. Essentially, Plaintiffs contend that PNC negligently and fraudulently induced them to apply for a loan modification that PNC knew or should have known was futile.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides that "[t]he court should freely give leave when justice so requires." Id. "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001). "When amendment is sought

at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." Wade v. Knoxville Utilities Bd., 259 F.3d 452, 459 (6th Cir. 2001).

Although delay, in itself, is not a basis to deny a motion to amend, an amendment at this late stage of the proceedings – after the close of discovery – would be prejudicial to Defendant. See Duggins v. Steak 'n Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree."); Miller v. Administrative Office of Courts, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of immunity was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."). Further, Plaintiffs have offered no sufficient justification for their delay, given that the documents upon which they base their claims were received by them in 2012 and 2013, and the alleged oral offer to purchase their home was received in November 2014. The prejudice to Defendant and the unjustified delay weigh in favor of denying Plaintiffs' motion to amend.

In addition, an amendment to include Plaintiffs' proposed claims of negligence and fraud would be futile. In order to state a negligence claim,

Plaintiffs must allege (1) a duty owed to them by Defendant; (2) a breach of that duty; (3) causation; and (4) damages. See Fultz v. Union-Commerce Assocs., 470 Mich. 460, 463 (2004). "The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." Id. Plaintiff has not cited authority suggesting that Michigan law imposes a duty on lenders under the circumstances presented here. To the contrary, Michigan state and federal courts have declined to recognize such a duty, noting that the parties' relationship is governed by the mortgage contract, not common-law tort. See, e.g., Rush v. Mac, 792 F.3d 600, 605-606 (6th Cir. 2015); Deming-Anderson v. PNC Mortgage, 119 F. Supp. 3d 635, 642 (E.D. Mich. 2015) ("Michigan law does not impose a legal duty between a lender and a borrower, so there can be no breach of a duty for purposes of stating a negligence claim."); Galati v. Wells Fargo Bank, 2011 WL 5178276, at *8 (E.D. Mich. Nov. 1, 2011) ("plaintiff has not alleged the existence of a separate and distinct legal duty that would give rise to a negligence claim" when lender failed to modify loan and foreclosed on property); Ulrich v. Federal Land Bank of St. Paul, 192 Mich. App. 194, 199 (1991) (lender had no independent duty to exercise reasonable care in evaluating plaintiff's eligibility for a loan).

With respect to Plaintiffs' claims of fraudulent misrepresentation, negligent misrepresentation, and innocent misrepresentation, Plaintiffs must identify false

representations made by Defendant. See Tocco v. Richman Greer Professional Ass'n, 553 Fed. Appx. 473, 475-76 (6th Cir. 2013); Mickham v. Joseph Louis Palace Trust, 849 F. Supp. 516, 521 (E.D. Mich. 1994). Plaintiffs claim that they refused an oral offer to buy their Frankfort property, believing that they would be approved for a loan modification. Plaintiffs contend that Defendant should not have led them to believe that their loan would be modified, because it was clear from the beginning that they did not qualify. Plaintiffs have not identified, however, any false statements that were made by Defendant that reasonably should have induced them to believe that they would be approved for a loan modification. The correspondence cited by Plaintiffs invited them to apply for assistance, but nowhere guaranteed approval. See Pls.' Exs. F, G. Having failed to identify any misrepresentations made by Defendant, Plaintiffs cannot state claims for fraudulent, innocent, or negligent misrepresentation. See also Thompson v. Bank of Am., N.A., 773 F.3d 741, 753 (6th Cir. 2014) ("Accepting as true Thompson's allegations that BOA stonewalled her during the modification application process, this conduct does not support a claim for negligent or intentional misrepresentation.").

**ORDER**

For these reasons, IT IS HEREBY ORDERED that Plaintiffs' motion to

amend complaint is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date: September 13, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 13, 2016, using the ECF system.

s/William Barkholz
Case Manager